835 F.2d 875
 24 Fed. R. Evid. Serv. 425
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antone RUFFIN, Defendant-Appellant.
 No. 87-5516.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1987.
Decided Dec. 8, 1987.
 
 Barry Roger Diamond (Sebastian K.D. Graber, on brief), for appellant.
 David Shepardson Cayer, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Daniel N. Brodersen, Special Assistant United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 A jury found defendant guilty of assaulting a correctional officer, in violation of 22 D.C.Code Sec. 505(2), while defendant was an inmate at the Lorton Correctional Facility. From the judgment entered on the verdict, defendant appeals. He contends that the district court improperly declined to instruct the jury about his right to repel excessive force, that the district court made incorrect evidentiary rulings warranting reversal, and that defense counsel was prejudicially limited in the time permitted for closing argument. We perceive no reversible error and affirm.
 
 I.
 
 2
 The charge against defendant resulted from an altercation between him and a guard. Defendant was observed tucking an officer's lost identification card in the waistband of defendant's shorts. When asked to produce it, defendant twice denied having it, and so defendant was authorized to be searched. The searching officer testified that defendant resisted the search and struck him. A scuffle ensued during which the card dropped from defendant's clothing and defendant struck the officer two or three more times.
 
 
 3
 Defendant's version of the incident was that he never struck the officer, but that defendant was struck by the officer a number of times.
 
 
 4
 Through counsel, defendant requested that the jury be instructed as to his right to use reasonable force to repel any allegedly excessive force employed by the officer. The instruction was refused and we think properly so. In view of defendant's denial that he ever struck the officer, there was no issue of the use of reasonable force to repel excessive force. The only real issue was whether defendant was to be believed or whether the officer was to be believed. We note also that the jury was told that, in order to convict defendant, it must find that defendant acted without justification and excusable cause.
 
 II.
 
 5
 We see no merit in defendant's evidentiary contentions. The district court did not abuse its discretion to limit cross-examination when it declined to permit the officer who was assaulted to be interrogated about his worker's compensation claim arising from the assault. Such questioning would not establish bias or interest in the outcome of the prosecution because the right to worker's compensation is independent of fault. Thus the questioning would have produced irrelevancies and it was properly disallowed.
 
 
 6
 Nor do we see reversible error in the exclusion of an officer's report on which he had been cross-examined. The contents of the report had been read to the jury, and the witness interrogated about its omissions.
 
 III.
 
 7
 Finally we think that limiting defendant to a closing argument of only ten minutes did not constitute an abuse of discretion on the part of the district court. The presentation of evidence consumed only one day, the issue for decision was a simple one of credibility, and defendant was tried jointly with another inmate accused of assaulting a different correctional officer in the same fracas. Counsel for the codefendant was also given time for argument so that defendant was not obliged to argue the entire case.
 
 
 8
 AFFIRMED.